IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R.T. DOE, | : |
| | : |
| Plaintiff, | : |
| | : No.: 3:20-CV-01649-CCC |
| v. | : |
| | : |
| CITY OF WILKES-BARRE and | :(JUDGE CHRISTOPHER CONNER) |
| ROBERT COLLINS, | : |
| | : |
| Defendants. | : |

**DEFENDANT CITY OF WILKES-BARRE'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), Defendant City of Wilkes-Barre ("the City"), by and through its undersigned counsel, hereby files its brief in support of the City's motion to dismiss the complaint filed by Plaintiff R.T. Doe ("Plaintiff").

I.   **Factual And Procedural Background.**

Plaintiff commenced this action by complaint on September 11, 2020. (See Doc. No. 2, generally). In Plaintiff's complaint, Plaintiff alleges, inter alia, claims for violations of Plaintiff's Fourth Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 as well as state law claims of assault and battery. (Id.). Specifically, in Count I, Plaintiff asserts that Officer Robert Collins ("Officer Collins") allegedly forced Plaintiff to have sexual contact with Officer Collins and that the City was deliberately indifferent to Officer Collins' actions

and condoned the obvious consequences of the City's failure to supervise and discipline Officer Collins despite the City's alleged knowledge of Officer Collins' actions. (Id. at Count I). In Count II, Plaintiff asserts that Officer Collins violated Plaintiff's rights by allegedly forcing Plaintiff to have sexual contact with Officer Collins. (Id. at Count II). In Count III, Plaintiff asserts that Officer Collins violated Plaintiff's Fourteenth Amendment substantive due process rights by allegedly forcing Plaintiff to have sexual contact with Officer Collins. (Id. at Count III). In Count IV, Plaintiff asserts that Officer Collins violated Plaintiff's Fourth and Fourteenth Amendment rights by allegedly forcing Plaintiff to have sexual contact with Officer Collins. (Id. at Count IV). In Count V, Plaintiff asserts Officer Collins committed an assault upon Plaintiff by allegedly forcing Plaintiff to have sexual contact with Officer Collins. (Id. at Count V). In Count VI, Plaintiff asserts that Officer Collins committed battery upon Plaintiff by allegedly forcing Plaintiff to have sexual contact with Officer Collins. (Id. at Count VI).

## II. Argument.

### A. Rule 12(b)(6) Standard.

In ruling on a motion to dismiss, this Court must accept as true all well-pleaded allegations in the complaint. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). This Court is not, however, required to accept as true any of the legal claims, opinions, conclusions or deductions in Plaintiff's complaint. Id.; see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). A plaintiff's pleading obligation is to set forth a short and plain statement of the claim which gives the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (citing Twombly, 550 U.S. at 556).

### B. Count II Of Plaintiff's Complaint Fails To State Fourth Amendment Claims Upon Which Relief May Be Granted.

As previously stated, in Count II of Plaintiff's complaint, Plaintiff asserts that Officer Collins violated Plaintiff's Fourth Amendment rights by allegedly forcing Plaintiff to have sexual contact with Officer Collins. (See Doc. No. 2 at Count II). Plaintiff also alleges in Count I of Plaintiff's complaint that the City was deliberately indifferent to Officer Collins' actions and condoned the obvious consequences of the City's failure to supervise and discipline Officer Collins despite the City's alleged knowledge of Officer Collins' actions. (Id. at Count I). Plaintiff does not allege that Plaintiff's Fourth Amendment rights were violated in connection with her arrest or detention. (Id. at ¶¶ 103-122). Thus, the alleged actions of Officer Collins do not violate the Fourth Amendment. See Leighliter, v. Connellsville, No. 17-1510, 2018 WL 6812496, ** 5-6 (Dec. 27, 2018); see also Rogers v. City of Little Rock, Arkansas, 152 F.3d 790. 795-97 (3d. Cir. 1988); see also Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 726-27 (3d Cir. 1989)(unwanted or illegal sexual contact protected by liberty and personal security interests under the Fourteenth Amendment); see also Martin-McFarlane v. City of Philadelphia, 299 F. Supp. 3d 658, 670 (E.D. Pa. 2017)(dismissing Section 1983 claims under the Fourth Amendment where Plaintiff alleged she was assaulted and her bodily integrity was violated). Sexual assault by police officers is properly

analyzed under Fourteenth -- not Fourth Amendment. Id. (citing Rogers v. City of Little Rock, 152 F.3d 790, 795-97 (8th Cir. 1998)). Further, since Plaintiff has not and cannot allege a legally cognizable Fourth Amendment claim against Officer Collins, Plaintiff cannot establish liability against the City for any alleged Fourth Amendment claims. See Surina v. South River Bd. of Educ., No. 17-2173, 2019 U.S. Dist. LEXIS 72173, * 29  (D.N.J. April 30, 2019)(citing Deninno v. Municipality of Penn Hills, 269 Fed. Appx. 153, 158 (3d Cir. 2008))("Even more fundamentally, there can be **no** municipal liability here because we have determined that none of the individual Defendants violated the Constitution."). Thus, Plaintiff's Fourth Amendment claim in Counts II of Plaintiff's complaint as well as Plaintiff's claim against the City in Count I of Plaintiff's complaint must be dismissed with prejudice.

**D.   Count IV Of Plaintiff's Complaint Fail To State A Fourteenth Amendment Claim Upon Which Relief May Be Granted.**

As previously stated, Count IV of Plaintiff's complaint purports to allege, inter alia, Officer Collins' actions constituted an unreasonable seizure in violation Plaintiffs' Fourth and Fourteenth Amendment due process rights. Under the "more specific provision rule", if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the

5

rubric of substantive due process.  See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010)(quoting County of Sacramento v. Lewis, 523 U.S. 833, 843-44, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)); see also United States v. Lanier, 520 U.S. 259, 272 n.7, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)).  The Fourth Amendment protects the right of the people to be "secure in their persons …against unreasonable searches and seizures."  See U.S. Const., Amend. IV; see also Leighliter, 2018 U.S. Dist. LEXIS 216399, *12-13.  Therefore, any purported Fourteenth Amendment claim in Counts IV of Plaintiff's complaint must be dismissed with prejudice.

**II.   CONCLUSION**

Based upon the foregoing, Defendant City of Wilkes-Barre's motion to dismiss should be granted and Plaintiff's complaint should be dismissed.

    Respectfully submitted,

    s/ Mark W. Bufalino
    John G. Dean
    Mark W. Bufalino
    ELLIOTT GREENLEAF & DEAN
    15 Public Square, Suite 310
    Wilkes-Barre, Pa. 18701
    (570) 371-5290

    Attorneys for Defendant City of Wilkes-Barre

DATED: September 17, 2020

## CERTIFICATE OF SERVICE

I, MARK W. BUFALINO, hereby certify that I have caused to be served this day a true and correct copy of Defendant City of Wilkes-Barre's brief in support of motion to dismiss Plaintiff's complaint via electronic filing and via first class mail addressed as follows:

>Barry Dyller, Esquire
>Dyller Law Firm
>88 North Franklin Street
>Wilkes-Barre, Pa. 18701

>s/ Mark W. Bufalino
>Mark W. Bufalino

DATED: September 17, 2020